**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50094 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03866-BEN |
| v. | |
| LORENZO GRADO-MEZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Lorenzo Grado-Meza appeals from the district court's judgment and

challenges the 36-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Grado-Meza contends that the district court procedurally erred by (1) "triple-counting" Grado-Meza's prior convictions, (2) focusing exclusively on deterrence and protection of the public, and (3) failing to explain adequately its reasons for rejecting Grado-Meza's mitigating arguments and imposing the above-Guidelines sentence. These contentions fail. The court did not err by varying upward based on Grado-Meza's criminal history. *See United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (court may vary upward based on factors already incorporated into the Guidelines calculations). Moreover, the record reflects that the court considered the 18 U.S.C. § 3553(a) factors and sufficiently explained the reasons for imposing the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Grado-Meza also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Grado-Meza's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Grado-Meza's criminal and immigration history. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a

14-50094

particular case is for the discretion of the district court.").

**AFFIRMED.**